**Jeffrey L. TIBBETTS, Plaintiff,**

v.

**ECKERT SEAMANS CHERIN & MELLOTT, et al., Defendants.**

No. CIV.A. 00–2215.

United States District Court, W.D. Pennsylvania.

Dec. 6, 2001.

Jeffrey L. Tibbetts, Arlington, VA, pro se plaintiff.

John R. Kendrick, William B. Mallin, Eckert Seamans Cherin & Mellott, Pittsburgh, PA, Jeffrey Eden Weinstein, Eckert Seamans Cherin & Mellott, Washington, DC, for defendant Eckert Seamans Cherin & Mellott.

### *MEMORANDUM OPINION AND ORDER*

SMITH, Chief Judge.

On September 26, 2001, I granted the motion for summary judgment by defendant Eckert Seamans Cherin & Mellot ("Eckert Seamans"). *See* dkt. no. 38. I did so despite *pro se* plaintiff Jeffrey Tibbetts' failure to file a response to that motion. Tibbetts had already been granted several extensions of time in which to file his response, and in any event, the summary judgment motion raised the same issues that I had addressed preliminarily in my order denying Eckert Seamans' motion to dismiss. *See* dkt. no. 30. Summary judgment was granted because Tibbetts failed to file his claim against Eckert Seamans within the applicable Pennsylvania statute of limitations.[1] I had also suggested, in a footnote to my earlier order denying the motion to dismiss, that Tibbetts might not be time barred if there were any basis for applying the doctrine of equitable tolling. Without a response brief from Tibbetts, however, I found nothing in the record that would suggest a

---

1. Tibbetts "readily concedes the Court was correct in assessing this action was untimely under 42 PA. CONS.STAT. ANN. § 5527." Dkt. no. 40, at 1.

basis for tolling, so I granted Eckert Seamans' summary judgment motion.

Tibbetts has now filed a motion for reconsideration, dkt. no. 39, acknowledging that the only way to defeat the conclusion that his action was time barred is to show that the statute of limitations was somehow tolled. *See* dkt. no. 40, at 2. For the first time, he now argues that his voluntary petition for bankruptcy tolled the statute of limitations. According to Tibbetts, he filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Virginia on January 8, 1998. *See id.* Tibbetts' petition was pending until April 16, 1999, when the United States District Court for the Eastern District of Virginia dismissed his appeal. Because the Bankruptcy Code, 11 U.S.C. § 108(a), extends the time in which a debtor may commence a legal action, Tibbetts now argues that the statute of limitations was suspended "during the entire pendency of [the bankruptcy] proceeding." Dkt. no. 40, at 5. Because of this tolling, he claims that his action against Eckert Seamans is not time barred.

Section 108(a) of the Bankruptcy Code provides as follows:

> If applicable nonbankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the

petition, the trustee may commence such action only before the later of—

> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

> (2) two years after the order for relief.

11 U.S.C. § 108(a) (1993). There is little doubt that this section applies in this case. Pennsylvania law fixes the "period within which the debtor may commence an action" at four years for Tibbetts' breach of contract action. *See* 42 PA. CONS.STAT. ANN. § 5527; dkt. no. 38. Tibbetts' claim against Eckert Seamans accrued on July 14, 1994, and Pennsylvania's four-year statute of limitations had not yet run on January 8, 1998, when Tibbetts filed his voluntary petition for bankruptcy. The only possible statutory condition not satisfied in this case is the provision allowing "the trustee" to commence an action. However, the Bankruptcy Code extends to debtors-in-possession all the rights and powers bestowed upon trustees. *See* 11 U.S.C. § 1107(a) (1993). As there is no dispute that Tibbetts was a debtor-in-possession, he is entitled to the benefit of § 108(a)'s extension of time.

Accordingly, Tibbetts could have filed his action against Eckert Seamans before the later of the running of Pennsylvania's statute of limitation on July 14, 1998, or two years after the order for relief.[2] Tibbetts actually filed his action on July 12, 2000, so § 108(a) helps him only if July 12,

---

**2.** In his reply, Tibbetts argues that he is seeking an extension of time pursuant to § 108(a)(1) and not § 108(a)(2). *See* dkt. no. 43, at 4. Under § 108(a)(1), Tibbetts' deadline would have been "the end of such period," as fixed by "applicable nonbankruptcy law." In other words, the deadline would have been the deadline as fixed by Pennsylvania's statute of limitations, or July 14, 1998. Tibbetts would be time barred if this were the applicable deadline. In arguing for an extension

under § 108(a)(1), Tibbetts interprets that subsection as tolling the applicable statute of limitations for the entire pendency of his bankruptcy proceeding. However, that subsection does no such thing; it operates merely to guarantee that a bankruptcy petition does not effectively *shorten* an applicable statute of limitation by displacing it with § 108(a)(2)'s deadline where the applicable statute of limitations actually provides a longer period of time in which to commence an action.

2000 was within two years of the order for relief. Tibbetts contends that the § 108(a) extension of time was for two years after the dismissal of his bankruptcy appeal, on April 16, 1999; that is, Tibbetts claims that, by operation of § 108(a), he had until April 16, 2001 to commence his action against Eckert Seamans. However, the dismissal of Tibbetts' bankruptcy appeal is not an "order for relief" within the meaning of § 108(a). According to 11 U.S.C. § 301 (1993), "The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter."[3] In other words, the date of the order for relief from which Tibbetts' additional two years runs was the date of his filing a voluntary Chapter 7 petition.[4] Accordingly, Tibbetts had two years from January 8, 1998 to commence his action against Eckert Seamans, or until January 8, 2000.

Because Tibbetts did not commence his action against Eckert Seamans until July 12, 2000, he is not within Pennsylvania's applicable statute of limitations, even as extended by 11 U.S.C. § 108(a). Therefore, Tibbetts' Motion for Reconsideration must fail on the merits because his action is time barred. Accordingly, it is hereby

ORDERED AND DIRECTED, this *6th* day of December, 2001, that Plaintiff's Motion for Reconsideration, dkt. no. 39, is DENIED.

---

**3.** Although this provision is crucial to the proper interpretation of the Bankruptcy Code, neither party cited it.

**4.** The fact that his voluntary Chapter 7 petition was converted to a Chapter 13 petition on March 13, 1998, *see* dkt. no. 40, at 2, is of no importance. According to 11 U.S.C. § 348(a) (1993), "Conversion of a case from a case under one chapter of this title to a case under another chapter of this title ... does not effect a change in the date of ... the order for relief."